UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELSINA KILPATRICK, | No. 2:15-cv-0119-KJM-KJN PS |
| Plaintiff, | |
| v. | ORDER |
| ANDY MOLINA, | |
| Defendant. | |

Plaintiff Elsina Kilpatrick, proceeding without counsel, has requested leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. (ECF No. 3.)[1] Plaintiff's application in support of her request to proceed *in forma pauperis* makes the showing required by 28 U.S.C. § 1915. Accordingly, the undersigned grants plaintiff's request to proceed *in forma pauperis*.

The determination that a plaintiff may proceed *in forma pauperis* does not complete the required inquiry. A federal court has an independent duty to assess whether federal subject matter jurisdiction exists, whether or not the parties raise the issue. See United Investors Life Ins. Co. v. Waddell & Reed Inc., 360 F.3d 960, 967 (9th Cir. 2004) (stating that "the district court had a duty to establish subject matter jurisdiction over the removed action *sua sponte*, whether the

---

[1] This case proceeds before the undersigned pursuant to E.D. Cal. L.R. 302(c)(21) and 28 U.S.C. § 636(b)(1).

1  parties raised the issue or not"); accord Rains v. Criterion Sys., Inc., 80 F.3d 339, 342 (9th Cir.
2  1996). The court must *sua sponte* dismiss the case if, at any time, it determines that it lacks
3  subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3). A federal district court generally has
4  original jurisdiction over a civil action when: (1) a federal question is presented in an action
5  "arising under the Constitution, laws, or treaties of the United States" or (2) there is complete
6  diversity of citizenship and the amount in controversy exceeds $75,000. See 28 U.S.C. §§ 1331,
7  1332(a).

8      Here, plaintiff's complaint is somewhat vague and confusing, but appears to allege that
9  she had an agreement with defendant to rent defendant's property with the assistance of the
10 Sacramento Housing and Redevelopment Agency's "Housing Choice Voucher Program."
11 However, according to plaintiff, defendant then refused to submit the required paperwork to allow
12 "full processing of the agreement," even though defendant had already taken at least some part of
13 plaintiff's deposit for the rental. Although not entirely clear from the complaint, it appears that
14 plaintiff is now required to leave the property, either because she cannot afford the rent without
15 the voucher program subsidy or because defendant has terminated the tenancy. Plaintiff claims
16 that defendant's actions present a special hardship to her, because she is disabled and recovering
17 from a brain injury, and had already incurred the expenses of moving her belongings, having her
18 electricity turned on, and setting up cable service at the property. Plaintiff claims to have been
19 subjected to "social discrimination." (See ECF No. 1.)

20     Even when liberally construed, plaintiff's complaint does not assert any claims arising
21 under federal law. The complaint does not reference or clearly invoke a specific federal statute.
22 As such, the court lacks federal question jurisdiction. Furthermore, there is no diversity of
23 citizenship, because plaintiff and defendant both appear to be citizens of California, and
24 according to the civil cover sheet, plaintiff seeks only $15,000.00 in damages. Therefore, the
25 court dismisses plaintiff's complaint for lack of federal subject matter jurisdiction, but with leave
26 to amend.

27     If plaintiff elects to file an amended complaint, it shall be captioned "First Amended
28 Complaint"; shall clearly specify the federal statute under which plaintiff's claim is brought; and

shall outline specific facts showing that plaintiff is entitled to relief under that statute, including sufficient background facts to allow the court to understand what defendant's actions were and how such actions have harmed plaintiff. Any first amended complaint shall also outline the specific relief sought.

Importantly, nothing in this order requires plaintiff to file an amended complaint in federal court. Indeed, if plaintiff concludes, as may be the case, that defendant's actions only potentially give rise to some type of state law property or tort claim, such a claim should instead be filed and pursued in state court.

Accordingly, for the reasons outlined above, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to proceed *in forma pauperis* (ECF No. 3) is granted.
2. Plaintiff's complaint is dismissed, but with leave to amend.
3. Within 28 days, plaintiff shall file either (a) a first amended complaint in compliance with this order or (b) a notice of voluntary dismissal of the action without prejudice.
4. Failure to timely comply with this order may result in dismissal of the action with prejudice pursuant to Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.

Dated:  March 3, 2015

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE