UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELSINA KILPATRICK,<br><br>    Plaintiff,<br><br>    v.<br><br>ANDY MOLINA,<br><br>    Defendant. | No.  2:15-cv-0119-KJM-KJN PS<br><br>ORDER AND<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff, who proceeds without counsel and *in forma pauperis*, initially commenced this action on January 15, 2015.  (ECF No. 1.)  Upon screening plaintiff's original complaint, the court noted:

> Here, plaintiff's complaint is somewhat vague and confusing, but appears to allege that she had an agreement with defendant to rent defendant's property with the assistance of the Sacramento Housing and Redevelopment Agency's "Housing Choice Voucher Program." However, according to plaintiff, defendant then refused to submit the required paperwork to allow "full processing of the agreement," even though defendant had already taken at least some part of plaintiff's deposit for the rental.  Although not entirely clear from the complaint, it appears that plaintiff is now required to leave the property, either because she cannot afford the rent without the voucher program subsidy or because defendant has terminated the tenancy.  Plaintiff claims that defendant's actions present a special hardship to her, because she is disabled and recovering from a brain

1

        injury, and had already incurred the expenses of moving her
belongings, having her electricity turned on, and setting up cable
service at the property.  Plaintiff claims to have been subjected to
"social discrimination."

(See ECF No. 5.)  The court observed that it lacked federal question jurisdiction over the action because, even when liberally construed, plaintiff's original complaint did not assert any claims arising under federal law, and did not reference or clearly invoke a specific federal statute. Furthermore, the court found that there was no diversity of citizenship, because plaintiff and defendant both appear to be citizens of California, and according to the civil cover sheet, plaintiff seeks only $15,000.00 in damages.  As such, the court concluded that dismissal was warranted.

        Nevertheless, in light of plaintiff's *pro se* status, and the possibility that plaintiff could conceivably better articulate her claim through additional factual allegations, the court granted plaintiff leave to amend.  In that regard, the court instructed plaintiff as follows:

        If plaintiff elects to file an amended complaint, it shall be captioned
"First Amended Complaint"; shall clearly specify the federal statute
under which plaintiff's claim is brought; and shall outline specific
facts showing that plaintiff is entitled to relief under that statute,
including sufficient background facts to allow the court to
understand what defendant's actions were and how such actions
have harmed plaintiff.  Any first amended complaint shall also
outline the specific relief sought.

(ECF No. 5.)

        Thereafter, on March 6, 2015, plaintiff filed a first amended complaint.  (ECF No. 6.)  The first amended complaint is even more opaque than the original complaint, vaguely alleging that defendant took advantage of plaintiff's "mental state"; received money from plaintiff; caused her seizures to increase due to stress; used "false tactics"; gave plaintiff a false lease; gave plaintiff an overly complex lease supplement agreement; and is presently evicting plaintiff, effectively rendering her homeless.  Plaintiff asserts that her lawsuit is based on "social discrimination" because she is disabled.

        Contrary to the court's prior order, the first amended complaint again fails to specify a federal statute or other federal law under which plaintiff's claim is brought.  Even assuming that plaintiff is attempting to state some type of disability discrimination claim in the housing context,

1  for example under the federal Fair Housing Act or under section 504 of the Rehabilitation Act,
2  plaintiff provides no specific factual allegations, other than bald and conclusory statements,
3  showing that defendant discriminated against plaintiff because of her disability or somehow failed
4  to make some type of required reasonable accommodation.[1]  At most, plaintiff's factual
5  allegations suggest that defendant may have defrauded plaintiff or breached certain contractual
6  obligations, but not that defendant's conduct was based on plaintiff's disability.  While such
7  conduct may potentially give rise to some type of state law property or tort claim, such a claim
8  should instead be filed and pursued in state court.
9       For the reasons outlined above, the first amended complaint likewise fails to state a claim
10 arising under federal law, and the parties are not diverse.  Therefore, the court concludes that it
11 lacks subject matter jurisdiction and that the action is subject to dismissal.
12      The court has carefully considered whether further leave to amend should be granted.
13 However, the court has already previously provided plaintiff with notice of the above-mentioned
14 deficiencies and an opportunity to cure them, which plaintiff did not do.  If anything, the first
15 amended complaint is even more vague and conclusory than the original complaint.  As such, the
16 court finds that further leave to amend would be futile, and recommends that the action be
17 dismissed.  However, such dismissal should be without prejudice, providing plaintiff with an
18 opportunity to pursue any potential state law claims in state court, if viable.
19      Accordingly, IT IS HEREBY RECOMMENDED that:
20   1. The action be dismissed without prejudice for lack of federal subject matter
21      jurisdiction.
22   2. The Clerk of Court be directed to close this case.

---

[1] Additionally, even assuming that the Sacramento Housing and Redevelopment Agency's "Housing Choice Voucher Program" receives financial assistance from a federal agency, a claim under section 504 of the Rehabilitation Act would not be viable against defendant, because the U.S. Department of Housing and Urban Development has clarified that "a private landlord who accepts Section 8 tenant-based vouchers in payment for rent from a low income individual is not a recipient of federal financial assistance" for purposes of section 504 of the Act.  See http://portal.hud.gov/hudportal/HUD?src=/program_offices/fair_housing_equal_opp/disabilities/sect504faq.

1    IT IS ALSO HEREBY ORDERED that all pleading and motion practice in this action are stayed pending resolution of these findings and recommendations by the district judge. Other than objections to the findings and recommendations and non-frivolous motions for emergency relief, the court will not entertain or respond to additional pleadings or motions until the findings and recommendations are resolved.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served on all parties and filed with the court within fourteen (14) days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

IT IS SO ORDERED AND RECOMMENDED.

Dated: March 18, 2015

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE